IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
_____Eastern_____ DIVISION

2009 JAN 20 P 3: 15

Gerald M Williams, Jr.
(Enter Above the Name of the Plaintiff in this Action)

vs.

Daifuku America Corporation, et. al.
(Enter above the name of the Defendant in this Action)

2 : 09 cv 43

JUDGE SARGUS

MAGISTRATE JUDGE ABEL

If there are additional Defendants, please list them:

Daifuku Co., Ltd.

# COMPLAINT

I.  Parties to the action:

Plaintiff:   Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

Gerald M. Williams, Jr.
Name - Full Name Please - PRINT

3148 Fontaine Road
Street Address

Columbus, Ohio 43232
City, State and Zip Code

614-920-3912
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. _Daifuku America Corporation_
   Name - Full Name Please

   _6700 Tussing Road, Reynoldsburg, Ohio 43068_
   Address: Street, City, State and Zip Code

2. _Daifuku Co., Ltd._

   _3-2-11 Miteijima, Nishiyodogawa-ku, Osaka 555-0012 Japan_

3. _____

4. _____

5. _____

6. _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☒ Title 28 U.S.C. § 1343(3)
   [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☒ Title 28 U.S.C. § 1331
   [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
   [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☒ Title _28_ United States Code, Section _2201_ and _28 USC 1391b_
   [Other federal status giving the court subject matter jurisdiction.]

-2-

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

1. On or about April 1, 2000, plaintiff was employed as a Shipping and Receiving Clerk with Daifuku America Corporation.

2. On or about September 12, 2001, plaintiff was transferred to the position of Job Shelf/Inventory Control Clerk. Plaintiff held this position until he was terminated in March 2008.

3. In 2003, plaintiff submitted a written statement to the Human Resources Department regarding religious requirement not to work on Saturdays. This statement was reviewed and verbally approved by the Human Resources Department.

4. Plaintiff did not start having problems regarding the Saturday work requirement until Joe Skaggs was assigned to manage the Job Shelf/Inventory Control Department.

5. On or about February 2008, Joe Skaggs, Department Manager, began to create a hostile work environment for plaintiff because of his resistance and dislike for plaintiff's religious practices (i.e. Sabbath observance) and displayed a high level of racial bias towards plaintiff.

6. Plaintiff was forced to work in a hostile work environment because he would not work on Saturdays. Plaintiff was repeatedly exposed to comments and a hostile work environment in which shop employees made statements that he would be terminated due to his race.

7. On or about February 2008, Gary Bair, plaintiff's director supervisor, directly stated to plaintiff "under the direction of Joe Skaggs you are to work on Saturdays or else." Plaintiff interpreted this statement to mean that if he did not violate his religious practice of observing Sabbath, he would be terminated.

8. Approximately two days after Gary Bair made the threatening statement that plaintiff would be terminated if he did not comply with requirement to work on Saturdays, plaintiff registered a formal complaint with Robert Huffman, Vice President of General Affairs, who oversees the Human Resources Department regarding these unlawful discriminatory practices.

9. The following week, Robert Huffman held a meeting with Joe Skaggs and Gary Bair regarding their statements and continual pressure to make plaintiff work on Saturdays. The Human Resources Department advised them not to continue to harass the plaintiff. Joe Skaggs and Gary Bair were specifically instructed not to bring up the issue again.

10. The day after the meeting with the Human Resources Department, Joe Skaggs instructed Daniel Geary, Department Lead, to increase Plaintiff's workload.

11. The following week, Joe Skaggs and Gary Bair met with plaintiff and informed him that he would need to start training another employee to fill his current position because plaintiff was being moved back to the Shipping and Receiving Clerk position. Defendant did not fully explain to the plaintiff why the unilateral move was being made, and why plaintiff was being moved back to the Shipping and Receiving Clerk position.

12. Plaintiff was required to train a less senior employee to perform the Job Shelf/Inventory Control Clerk position, and plaintiff was to be re-assigned to fill the less senior employee's position after he was fully trained by plaintiff to perform the Job Shelf/Inventory Control Clerk duties.

13. Plaintiff has not received disciplinary actions that would require him to be transferred, unilaterally or otherwise. Plaintiff was never informed that his work performance was not up to department standards.

14. Plaintiff has never advised that he was displaying inappropriate, disrespectful, or insubordinate behaviors.

15. Defendant has been engaged in unlawful discriminatory practices, which became an increasing problem within the organization in 2008. Because of these problems, Executive Vice President Haruyoshi Amakusa issued a company-wide notice in addressing the "abuse of authority" and/or "power harassment" problems that were occurring throughout the organization.

16. The February 2008 notice informed all employees of the importance of resolving harassment issues and unlawful discriminatory practices that have been growing within the organization, as well as a desire to decrease the number of lawsuits being filed against the organization.

17. Plaintiff has been continually harassed and discriminated against because of his race and his religious practices, and on March 31, 2008, defendant terminated plaintiff's employment based upon a false claim that plaintiff was insubordinate.

18. After plaintiff was terminated, the defendant made false allegations to the Ohio Civil Rights Commission regarding plaintiff's character and work ethics. After eight (8) years of employment, without disciplinary write-ups or concerns for issues other than attendance problems documented in 2004, the defendant falsely portrayed to Ohio Civil Rights Commission, that plaintiff was a hostile, uncooperative, aggressive, insubordinate, and threatening employee.

19. Defendant informed the Civil Rights Commission that the plaintiff was being cross-trained to do the Shipping and Receiving Clerk position. However, the plaintiff had been in the Job Shelf/Inventory Control position since 2001, and had not performed the Shipping and Receiving Clerk position since transferring to the new position.

20. Plaintiff was informed, after he registered a complaint with the Human Resources Department, he would be required to "cross-train" the less senior employee so that the less senior employee could take over the plaintiff's current position when the plaintiff was moved back to the Shipping and Receiving Clerk position.

21. Plaintiff believes that Defendant created a hostile work environment, was unlawfully harassed, was transferred back to the Shipping and Receiving Clerk position, was retaliated against because he filed a complaint with the Human Resources Department, and was terminated the plaintiff based upon his race and religion.

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption. (Example, Case Number: 2:08-cv-728 and Caption: John Smith vs. Jane Doe).

None.

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

WHEREFORE, the plaintiff prays that this Court cause this case to be in every way expedited for a hearing on the merit and, after such hearing, enter an order:

a. Mandate defendant to provide cultural sensitivity development courses for all Daifuku America Corporation employees, provided by an outside source, and covering topics related to cultural diversity, cultural sensitivity, cross-cultural adaptation, harassment prevention, conflict resolution, and diversity management.

b. Require defendant to issue a written letter for the plaintiff to submit to future employers, which states that he was a victim of discrimination and not guilty of insubordination.

c. Require defendant to send a formal, public statement to all customers, via U.S. certified mail, which advises them of the discriminatory practices that have been occurring at Daifuku America Corporation.

d. Mandatory EEOC monitoring of Daifuku America Corporation for a period of four (4) years to assure the defendant is complying with all civil rights laws.

e. Require defendant to broadcast commercials on a national scale, during prime time periods, informing people of their right to equal employment opportunities, with an emphasis on stating that discrimination in any form is wrong.

f. Require defendant to make a substantial contribution to Jewish Family Services and Leo Yassenoff Jewish Community Center.

g. Require defendant to make a substantial contribution to a civil rights non-profit organization of defendant's choice.

h. Require defendant to pay $600,000.00 in punitive damages to Yeshua is LORD Ministries' Urban Youth Development Program, which is administered and directed by plaintiff.

i. Award plaintiff compensatory and punitive damages totaling .24% of the annual revenue of Daifuku Co., Ltd., Daifuku America Corporation, and their subsidiaries, or the equivalent of $6,700,000.00, whichever amount is greater.

Plaintiff prays for recovery of all costs incurred in maintaining this action, and for such other further relief as the interests of justice may require and this Court deems appropriate.

I state under penalty of perjury that the foregoing is true and correct. Executed on this _15th_ day of January, 2009.

X _____
Signature of Plaintiff