IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GERALD M. WILLIAMS, JR.,**
    **Plaintiff,**
    v.
**DAIFUKU AMERICA CORPORATION, et al.,**
    **Defendants.**

Case No. 2:09-cv-43
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## OPINION AND ORDER

Plaintiff Gerald M. Williams, Jr. filed this race discrimination action against his employer, Defendant Daifuku America Corporation ("Daifuku America"), and Daifuku America's parent corporation, Defendant Daifuku Co., Ltd. ("Daifuku Japan"), alleging that Defendants discriminated against Plaintiff on the basis of race and/or religion. This matter is before the Court on Daifuku Japan's motion for dismissal or summary judgment as to the claims against Daifuku Japan. (Document 15.) For the reasons that follow, Daifuku Japan's motion to dismiss is **GRANTED**, and Plaintiff's claims against Daifuku Japan are hereby **DISMISSED**.

### I.    Background

Plaintiff alleges that he was subjected to discrimination based on his race and/or religion. Most of Plaintiff's allegations relate to alleged discriminatory actions taken by employees of Daifuku America, including Plaintiff's department manager and direct supervisor. Plaintiff alleges that from 2001 until 2008, Daifuku America employed him as a Shipping and Receiving Clerk and then as an Inventory Control Clerk. (Compl. ¶¶ 1, 2, 17.) In 2003, he alleges that the Human Resources Department (the "HR Department") reviewed and verbally approved a written statement in which Plaintiff explained that his religion prohibited him from working on

Saturdays. (*Id.* at ¶¶ 3, 4.) Beginning sometime around February of 2008, however, Plaintiff alleges that a new department manager, his direct supervisor, and possibly other employees made discriminatory statements to Plaintiff regarding his observance of the Sabbath. (*Id.* at ¶¶ 5, 6.) Plaintiff specifically alleges that his direct supervisor told him that, at the direction of the department manager, he was "to work on Saturdays or else." (*Id.* at ¶ 7.)

After hearing this statement, Plaintiff alleges that he registered a formal complaint with Daifuku America's Vice President General Affairs, Robert Huffman. (Compl. ¶ 8; Huffman Aff. ¶ 2.) According to Plaintiff, Huffman then instructed Plaintiff's manager and supervisor not to harass Plaintiff, with the alleged result that his supervisor instructed the Department Lead to increase Plaintiff's workload. (Compl. ¶¶ 9, 10.) According to Plaintiff, his supervisor and department manager then instructed him to train his own replacement and demoted him to his prior position without explanation. (*Id.* at ¶¶ 11–14.) Plaintiff alleges that he was terminated on March 31, 2008 based upon a false claim of insubordination. (*Id.* at ¶ 17.)

Plaintiff's only allegation directly relating to Daifuku Japan concerns a memo. In February of 2008, Huffman forwarded a newsletter or memo, entitled "2008 February Safety Message," from Daifuku Japan to all Daifuku America associates. The document discusses "abuse of authority," also referred to as "power harassment," and encourages the resolution of any harassment and discriminatory practices. (Pl.'s Mem. Ex. C; Huffman Aff.)

Following his termination, Plaintiff filed a charge (the "Charge") with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"), naming only Daifuku America. (*See id.* ¶ 18; Mot. Ex. A; Pl.'s Mem. 1.) After receiving a Notice of Right to Sue dated October 17, 2008 (Def.'s Mot. Ex. A), Plaintiff filed this action on January 20, 2009.

## II. Discussion

Daifuku Japan seeks dismissal of Plaintiff's claims against it pursuant to Rule 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure. Alternatively, Daifuku Japan seeks summary judgment under Rule 56. In support of its motion, Daifuku Japan asserts that (1) the Court lacks subject matter jurisdiction over Daifuku Japan because Plaintiff did not file with the OCRC or the EEOC a timely charge of discrimination specifically naming Daifuku Japan; (2) Plaintiff fails to state a valid claim against Daifuku Japan because Plaintiff does not allege that Daifuku Japan was Plaintiff's employer, which Daifuku Japan asserts is necessary for a Title VII claim; and (3) Plaintiff failed to properly serve Daifuku Japan with a summons. (Mot. 4–7.)

Plaintiff responds that (1) his Charge is valid against Daifuku Japan because a clear identity of interest between Daifuku America and Daifuku Japan exists; (2) Daifuki Japan is liable under Title VII as a "direct participant" who directed, controlled, or influenced the actions of its subsidiary, Daifuku America; and (3) Plaintiff "constructively complied" with the requirements for proper service of process by serving Daifuku Japan at the address of its subsidiary, Daifuku America. (Pl.'s Mem. 1–4.)

Because determination of the validity of Plaintiff's claim is, in itself, an exercise of jurisdiction, the Court first considers Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Plaintiff brings his claims under Title VII. Such claims can be brought only against parties named in an EEOC charge within 90 days after the plaintiff receives a "right to sue letter" from the EEOC.[1] 42 USC § 2000e-5. The Sixth Circuit has held that "a party must be *named* in

---

[1] Generally, a plaintiff is presumed to have received the letter five days after the date of mailing. *Brown v. Hyperion Seating Corp.*, No. 98-6373, 1999 U.S. App. Lexis 24305 (6th Cir. 1999) (citations omitted).

3

the EEOC charge before that party may be sued under Title VII 'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge.'" *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480–81 (6th Cir. 1990) (quoting *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987)) (emphasis in original). A "'clear identity of interest' implies that the named and unnamed parties are virtual alter egos." *Id.*, 899 F.2d at 1481.

The Sixth Circuit has adopted two tests to determine whether a clear identity of interest exists. *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981); *Glus v. G. C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977)); *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 411–12 (6th Cir. 1999). Under the first test, "an identity of interest [exists] where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Romain*, 836 F.2d at 245 (citing *Eggleston*, 657 F.2d at 905). Under the second test, developed by the Third Circuit in *Glus*, the Court considers four factors:

(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) Whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

(4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romain*, 836 F.2d at 246 (citing *Glus*, 562 F.2d at 888). Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. *Moir*, 895 F.2d at 269 (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

4

Plaintiff concedes that Daifuku Japan was not a named party in his Charge, but contends that there is an "identity of interest" between Daifuku Japan and Daifuku America. Applying the *Eggleston* and *Glus* tests, the Court finds that Plaintiff has failed to establish the existence of an identity of interest between Daifuku America and Daifuku Japan.

First, under the *Eggleston* test, the Court must consider whether Daifuku Japan received adequate notice of the Charge under circumstances which would afford it an opportunity to participate in conciliation proceedings. The only evidence relating to whether Daifuku Japan had notice of the Charge is an affidavit by Huffman, Vice President of Daifuku America, stating that "Daifuku Japan was not named as a respondent in the Charge and was, therefore, not involved in the investigation conducted by the [OCRC]." (Mot. Ex. C.) The Court finds that Plaintiff has not shown that Daifuku Japan received adequate notice of the Charge, weighing against a finding that there is an identity of interest between the companies.

The Court next considers the four factors under the *Glus* test. First, the Court considers whether Plaintiff could have through reasonable effort ascertained Daifuku Japan's role at the time he filed the Charge. While it is unclear whether Plaintiff was aware of Daifuku Japan's role at the time he filed the Charge, there is no evidence to suggest that it would have been difficult to ascertain the company's role at that time. This factor therefore weighs against finding an identity of interest.

The second factor to consider is whether Daifuku America's interests are so similar to those of Daifuku Japan that, for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to include Daifuku Japan in the OCRC/EEOC proceedings. Regarding the companies' similarity of interests, Plaintiff presents evidence only of (a) the companies' undisputed parent/subsidiary relationship and (b) Daifuku America's executives' apparent strong

5

ties to Daifuku Japan, as shown by their biographies on Daifuku America's website. (Pl.'s Mem. Ex. B.) This evidence does not show that the companies' interests are sufficiently similar that it would be unnecessary to include Daifuku Japan in the proceedings. The fact that the subsidiary's executives may have started their careers at the parent company does not establish that the companies' interests are similar, and the Sixth Circuit has already held that two companies' parent/subsidiary relationship is insufficient to establish an identity of interest. In *Knafel*, the plaintiff named a subsidiary, but not its parent company, in her EEOC charge. The Court found that the subsidiary and parent were "not alter egos," but rather were "two distinct entities with different business operations." Because naming the subsidiary in the EEOC charge did not suffice to name the parent, the parent could not be sued. *Knafel*, 899 F.2d at 1481. This factor weighs against finding an identity of interest.

The third factor to be considered is whether Daifuku Japan's absence from the OCRC/EEOC proceedings resulted in actual prejudice to its interests. Because Daifuku Japan did not have an opportunity to consider voluntary conciliation and could not preserve evidence for use in its defense, the Court concludes that Daifuku Japan suffered prejudice, weighing against finding an identity of interest. *See Romain*, 836 F.2d at 246 n.3; *Baetzel v. Home Instead Senior Care*, et al., 370 F. Supp.2d 631, 638 (N.D. Oh. 2005).

Finally, Plaintiff has not alleged that Daifuku Japan represented to him that its relationship with him is to be through Daifuku America. Accordingly, the fourth factor weighs against finding an identity of interest.

The Court concludes that Plaintiff has not established a clear identity of interest between Daifuku Japan and Daifuku America. Because Daifuku Japan is not named in Plaintiff's Charge and Plaintiff has not established an identity of interest between the companies, this Court finds

6

that it lacks subject matter jurisdiction over the claims against Daifuku Japan. Accordingly, the other issues raised by Daifuku Japan need not be addressed.

### III.  Conclusion

For the reasons discussed above, the Court finds that it lacks subject matter jurisdiction over the claims against Defendant Daifuku Co., Ltd. The Court therefore **GRANTS** Defendant's motion (Document 15), and Plaintiff's claims are hereby **DISMISSED** as to Defendant Daifuku Co., Ltd.

**IT IS SO ORDERED.**

2-18-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**