IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERALD M. WILLIAMS, JR.,

    Plaintiff,

v.

DAIFUKU AMERICA
CORPORATION, et al.,

    Defendants.

Case No. 2:09-cv-43

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE MARK R. ABEL

## ORDER

This matter is before the Court on Daifuku America Corporation's motion for summary judgment as to Plaintiff Gerald M. Williams, Jr.'s remaining claims. (Document 33.) Plaintiff, who represents himself *pro se*, did not file a timely response to the motion and did not act on the Court's May 3, 2010 Order allowing him to file a response after the deadline. (*See* Doc. 35.)

Rule 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). When faced with a motion for summary judgment, a plaintiff cannot simply rely on his pleadings. *Keohane v. Bergman*, 793 F.2d 1292 (6th Cir. 1986) (citing *Ghandi v. Police Department of the City of Detroit*, 747 F.2d 338, 348 (6th Cir. 1984); Fed. R. Civ. P. 56(e)). Rule 56(e)(2) provides that:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

In considering an unopposed motion for summary judgment, a district court properly relies upon the facts provided by the moving party. *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668, 671 (6th Cir. 2003) (citing *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404–05 (6th Cir. 1992)).

Plaintiff alleges that, due to his race and/or religion and in retaliation for his request for Saturdays off, Defendant subjected him to a hostile work environment (Compl. ¶¶ 5, 6), demoted him (Compl. ¶ 11), and terminated his employment (Compl. ¶ 17). The Court has carefully reviewed the evidence submitted in this case and finds that there is no genuine question of material fact as to Plaintiff's claims. The Court finds that Defendant has properly made and supported its motion for summary judgment, Plaintiff has not responded, and summary judgment is appropriate and shall be entered against Plaintiff. The Court therefore **GRANTS** Defendant Daifuku America Corporation's motion to dismiss (Doc. 33), **DISMISSES** the remaining claims, and **DIRECTS** the Clerk to enter judgment for Defendants.

**IT IS SO ORDERED.**

6-7-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

2